FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 MAR 26 AM 10: 56
CLERK L. Ibbnden
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JESSIE L. -S. AU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YULIN MA, | ) | |
| | ) | CV 107-025 |
| Defendant and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GUILLAUME M. WIENTJES, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

# ORDER

The above-captioned case is presently before the Court on Third-Party Defendant Guillaume M. Wientjes's ("Wientjes") motion to deem admitted all admissions, first motion to compel, second motion to compel, and motion for sanctions pursuant to Federal Rule of Civil Procedure ("Federal Rule") 11, as well as Plaintiff Jessie L.-S. Au's ("Au") and Wientjes's notices of withdrawal, motions for sanctions pursuant to Federal Rule 11, and motion for orders granting unopposed motions.[1] (Doc. nos. 23, 24, 25-1, 25-2, 28-1, 28-2, 29-1, 29-2 & 36). Defendant and Third-Party Plaintiff Yulin Ma ("Ma") has filed untimely responses to the motions for sanctions, the motion for orders granting unopposed motions,

---

[1] Au and Wientjes have also requested that the Court award fees and expenses related to the filing of their various discovery motions.

and the second motion to compel. (Doc. nos. 33, 38 & 39). Upon consideration of the issues raised by the parties, and the Court, both in written briefing and at the hearing held on March 4, 2008, the Court resolves the matters as follows.

As an initial matter, the Court turns its attention to Wientjes's motion to deem admitted all admissions, first motion to compel, and notices of withdrawal filed on December 7, 11, and 14, 2007, respectively. (Doc. nos. 23, 24, 28-1 & 29-1). Wientjes served Ma with discovery requests on October 16, 2007. (Doc. no. 23, p. 1; doc. no. 24, p. 1). Mr. Eric J. Rosenberg, counsel for Au and Wientjes, attempted to secure Ma's responses to the discovery requests on November 24, 2007. (Doc. no. 23, Exs. 2 & 3; doc. no. 24, Exs. 2 & 3). Mr. Rosenberg sent Ma's attorney, Mr. Todd Boudreaux, an e-mail stating that, if Mr. Rosenberg did not receive full and complete responses to the discovery requests by December 1, 2007, he would file a motion to compel. (Id.). Mr. Rosenberg submits that Mr. Boudreaux failed to respond, and thus, he filed the motion to deem admitted all admissions and the first motion to compel. (See doc. no. 23, pp. 1-2; doc. no. 24, pp. 1-3).

Unbeknownst to Mr. Rosenberg, Ma had previously filed responses to Wientjes's discovery requests, which included a certificate of service indicating that a copy of the discovery responses had been mailed to Au at 2287 Palmleaf Court, Columbus, OH 43235, with the Court on November 14, 2007. (Doc. no. 20). Because Au and Wienjtes were proceeding *pro se* prior to the filing of Mr. Rosenberg's notice of appearance on November 13, 2007, it is understandable that Ma may have failed to serve the discovery responses upon Mr. Rosenberg. However, it is unusual that Ma chose to file the discovery responses with the Court. In this regard, the Local Rules provide that the parties shall act as custodians of discovery materials, unless it becomes necessary to utilize the materials in connection with

the case. See Loc. R. 26.4. Indeed, the Court's June 18, 2007 Order specifically informed the parties, *inter alia*, that discovery materials should not be filed routinely with the Court. (Doc. no. 3, p. 4).

Nevertheless, although Au and Wientjes contend that they never received the November 14, 2007 discovery responses, they submit that, once they discovered that the discovery responses had been filed with the Court, their counsel filed notices of withdrawal related to the motion to deem admitted all admissions and the first motion to compel.[2] (Doc. no. 28, pp. 2-3; doc. no. 29, pp. 2-3). As such, the motion to deem admitted all admissions and the first motion to compel are **MOOT**.[3] (Doc. nos. 23 & 24).

After reviewing Ma's discovery responses, Mr. Rosenberg attempted to contact Mr. Boudreaux, so that Mr. Boudreaux could supplement what Mr. Rosenberg deemed to be inadequate discovery responses. (Doc. no. 25, p. 15-16). In this regard, Mr. Rosenberg sent Mr. Boudreaux two (2) e-mails and called Mr. Boudreaux's office twice on December 10, 2007, but Mr. Boudreaux's assistant stated that he was unavailable. (Doc. no. 25, Ex. 3). Having not spoken with Mr. Boudreaux, Mr. Rosenberg informed Mr. Boudreaux's assistant on December 12, 2007 that, if Ma's perceived inadequate discovery responses were not

---

[2]According to Au and Wientjes, "[they] began checking PACER earlier this year because[, *inter alia*, Mr.] Boudreaux failed to serve them three other court filings in [In re Ma (Au v. Ma), No. 06-01008 (Bankr. S.D. Ga. Feb. 7, 2006)]." (Doc. no. 28, p. 2; doc. no. 29, p. 2). Although Mr. Boudreaux has never clarified the issue, it appears that the instant discovery responses were filed with the Court in order to develop a record that the responses were timely served. In the future, Ma should, in compliance with the Local Rules and the Court's June 18, 2007 Order, refrain from filing discovery materials with the Court.

[3]The **CLERK** is **DIRECTED** to terminate the motion to deem admitted all admissions and the first motion to compel from the motions report. (Doc. nos. 23 & 24).

remedied, he would file a motion to compel.[4] (Id.). On December 14, 2007, Wientjes filed, *inter alia*, his second motion to compel and motion for sanctions pursuant to Federal Rule 11, contending that Ma and Mr. Boudreaux had failed to engage in good faith discovery. (Doc. nos. 25-1 & 25-2).

Because Ma failed to respond to the second motion to compel and motion for sanctions pursuant to Federal Rule 11 within the time period afforded by Local Rule 7.5,[5] Au and Wientjes filed their motion for orders granting unopposed motions. (Doc. no. 36). Au and Wientjes assert, "Since Ma did not oppose the December 14, 2007 Motions within the time[-]frame of Local Rule 7.5, [they] respectfully request this Court grant the December 14, 2007 Motions." (Id. at 2). In response, Ma candidly acknowledges that his responses to the motions filed on December 14, 2007 were untimely. (Doc. no. 38, pp. 1-2). Nevertheless, Mr. Boudreaux submits that he was out-of-town from December 27 through 31, 2007, that he inadvertently failed to request a leave of absence from the Court, and that the opposing parties do not cite any prejudice caused by the "slight delay in the responses." (Id. at 2). As such, Ma requests that the Court deem his responses to the December 14, 2007 motions timely and that the Court deny the motion for orders granting unopposed motions. (Id. at 3). In reply, Au and Wientjes contend, *inter alia*, that Ma had adequate time to respond to the December 14, 2007 motions and that, due to Ma's failure to timely respond to these motions, they have suffered financial expense. (Doc. no. 42, pp. 2-3).

---

[4]Mr. Rosenberg's phone records support his claims regarding these failed attempts to contact Mr. Boudreaux. (See doc. no. 57.)

[5]Au and Wientjes also filed, on December 14, 2007, a "Motion in Limine to Admit Polygraph Test to Corroborate the Testimony of Third[-]Party Defendant at Trial." (Doc. no. 26). On January 7, 2008, Ma filed a untimely response to this motion. (Doc. no. 32).

The Local Rules clearly state, "Unless these rules or the assigned Judge prescribes otherwise, each party opposing a motion shall serve and file a response within fifteen (15) days of service of the motion . . . . Failure to respond within the applicable time period shall indicate that there is no opposition to a motion." Loc. R. 7.5. As previously noted, Ma concedes that his responses to the motions filed on December 14, 2007 were untimely.[6] Furthermore, even if the Court had approved a leave of absence, that would not have affected the response period applicable to the motions. Finally, although Au and Wientjes do not cite any prejudice, save the financial expense associated with preparing and filing their motion to grant as unopposed, Local Rule 7.5 does not impose that requirement.

Notwithstanding the untimeliness of Ma's responses to Au's and Wientjes's December 14, 2007 motions, a review of Ma's discovery responses reveals that they are inadequate. For example, in response to Wientjes's first request for admission, Ma denied that he searched, prior to responding to the discovery requests, all documents in his possession that may contain responsive information to the discovery requests. (Doc. no. 25, p. 2). Furthermore, if Ma's responses are taken at face value, Ma has not identified any lay or expert witnesses who will testify in support of his claims. (Id. at 3-4). Indeed, Ma fails to identify any individuals, who may have any knowledge of the facts underlying his claims. (Id. at 2-3). Notably, Ma submits these responses to the discovery requests, despite his previous assertion that "all relevant witnesses regarding the post-petition claims are located in the Augusta-Richmond County area." (Doc. no. 7, p. 3).

---

[6]The Court notes that Ma filed responses to the December 14, 2007 motions on January 7 and 11, 2008, and thus, there was more than a "slight delay."

Upon the foregoing, the motion for orders granting unopposed motions is **GRANTED IN PART**[7] and the second motion to compel is **GRANTED**. (Doc. nos. 25-1 & 36). Ma shall provide Wientjes with responses to the sought-after discovery requests (see doc. no. 25, p. 18) within **fifteen (15) days** of the date of this Order. If Ma desires to withhold information or documents, he shall provide, along with his responses, a privilege log that complies with the requirements of the Federal Rules. Failure to comply with those requirements will result in the waiver of any claim of privilege or other protection. Furthermore, pursuant to Federal Rule 37(a)(5)(a), Wientjes's counsel **SHALL SUBMIT** a request for expenses incurred in preparing and filing the second motion to compel within fifteen (15) days of the date of this Order;[8] Ma shall have fifteen (15) days to respond to that filing. The Court will then decide what award of reasonable expenses may be appropriate.

Finally, the Court turns its attention to the motions for sanctions pursuant to Federal Rule 11. (Doc. nos. 25-2, 28-2 & 29-2). Au and Wientjes submit that Ma and Mr. Boudreaux should be sanctioned pursuant to Federal Rule 11 for failing to properly serve

---

[7] With regard to Au's and Wientjes's request that the Court grant their motion in limine (doc. no. 26) as unopposed (doc. no. 36, p. 1), the Court notes that the Honorable Dudley H. Bowen, Jr., United States District Judge, will address the merits of the motion in limine and the timeliness of Ma's response, if this case proceeds to trial.

[8] Although "[c]ourts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions," Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002), the Court cannot award, pursuant to Federal Rule 37(a)(5)(a), expenses related to the discovery motions that were filed and voluntarily withdrawn in this case. In this regard, it is unclear whether the November 14, 2007 discovery responses were properly served prior to the filing of the withdrawn discovery motions. Regardless, prior to filing the first motion to compel on December 11, 2007, Wientjes learned about the November 14, 2007 discovery responses, when he "checked PACER on December 10, 2007." (See doc. no. 29, p. 2; doc. no. 29, p. 2). Therefore, Au's and Wientjes's requests for expenses related the motion to deem admitted all admissions, the first motion to compel discovery motions, and the notices of withdrawal are **DENIED**.

Ma's November 14, 2007 discovery responses. (Doc. no. 28, p. 2; doc. no. 29, p. 2). In support of this request, Au and Wientjes contend, *inter alia*, that the case has been unnecessarily delayed and that their costs have needlessly increased because Ma failed to serve the November 14, 2007 discovery responses. (Doc. no. 25, p. 18; doc. no. 28, pp. 2-3; doc. no. 29, pp. 2-3). As previously discussed, Defendant Ma's response to the motions for sanctions pursuant to Federal Rule 11 was untimely.[9]

The Federal Rules state,

> By presenting to the court . . . a pleading, written, motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Fed. R. Civ. P. 11(b)(1). Furthermore, "[i]f . . . the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction . . . ." Fed. R. Civ. P. 11(c). However, "[s]ubdivisions (a) through (c) of [Federal Rule 11] do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37." Fed. R. Civ. P. 11(d). Indeed, sanctions pursuant to Federal Rule 11 do not apply to disclosures or discovery requests. Kwarteng v. Morgan State Univ., 128 Fed. Appx. 301, 302-03 (4th Cir. 2005) (*per curiam*); Patelco Credit Union v. Sahni, 262 F.3d 897, 913 n.15 (9th Cir. 2001). Although the parties dispute whether the November 14, 2007 discovery responses were properly

---

[9]Nevertheless, the Court notes that Ma counters, *inter alia*, that the November 14, 2007 discovery responses were served and filed with the Court. (Doc. no. 33, pp. 1-2). Defendant Ma also argues that sanctions pursuant to Federal Rule 11 are inapplicable to discovery disputes. (Id. at 3).

7

served, sanctions pursuant to Federal Rule 11 are inapplicable to this discovery dispute.[10] Therefore, the motions for sanctions pursuant to Federal Rule 11 are **DENIED**. (Doc. nos. 25-2, 28-2 & 29-2).

In sum, the motion to deem admitted all admissions and the first motion to compel (doc. nos. 23 & 24) are **MOOT**; the motion for orders granting unopposed motions (doc. no. 36) is **GRANTED IN PART**; the second motion to compel and the request for expenses associated with the second motion to compel (doc. no. 25-1) are **GRANTED**; and the motions for sanctions pursuant to Federal Rule 11, as well as the remaining requests for fees and expenses, (doc. nos. 25-2, 28-2 & 29-2) are **DENIED**. Finally, the Court reminds the parties and their counsel that they have a duty to fully cooperate in discovery, as well as an obligation to strictly adhere to the Federal Rules, the Local Rules, and the Court's Orders in these proceedings.[11] Under no uncertain terms, any party failing to adhere to the Federal

---

[10]The Court notes that, in reply to Ma's response to the motions for sanctions pursuant to Federal Rule 11, Au and Wientjes submit, *inter alia*, that evidence exists for the requested sanctions based on the conduct of Ma's counsel in this case. (Doc. no. 43, pp. 2-4). However, the instant motions for sanctions pursuant to Federal Rule 11 were filed as a result of Defendant Ma's alleged failure to properly serve the November 14, 2007 discovery responses (doc. nos. 25-2, 28 & 29), and thus, the Court need not consider allegations concerning the conduct of Defendant Ma's counsel in these proceedings when addressing the merits of the instant motions.

[11]The Court is particularly concerned with Mr. Boudreaux's assertion that "[he] continues to attempt to obtain from his client all additional information necessary to provide amended responses. Notwithstanding these attempts, [he] cannot adequately defend the request for sanctions . . . without providing information against the interest of his client." (Doc. no. 39, pp. 1-2). The Court reminds Mr. Boudreaux that "[t]he lawyer's duty to place his client's interests ahead of all others presupposes that the lawyer will live with the rules that govern the system." Coburn Optical Industries, Inc. v. Cilco, Inc., 610 F. Supp. 656, 661 (M.D.N.C. 1985). "Attorneys are officers of the Court and their first duty is to the administration of justice. An attorney has a professional duty to dismiss a baseless motion or lawsuit, even over client's objection, and to do so promptly on learning that the client's position is without merit." Id. Any attorney who fails to act in this regard, "and multiplies the proceedings in any case unreasonably and vexatiously," is subject to liability for

Rules, the Local Rules, or the Court's Orders in these proceedings will face sanctions. In this regard, the Court notes that, because Ma is presently engaged in bankruptcy proceedings and is already subject to a million dollar judgment obtained by Au and Wientjes, it is doubtful that any award of expenses would pose a sufficient deterrent against Ma's apparent lack of meaningful participation in the discovery process. <u>Therefore, Ma is cautioned that any future failure to comply with the dictates of this Order will subject him to an appropriate sanction under Federal Rule 37(b) including, but not limited to, an order striking his pleadings or dismissing his claims.</u>

SO ORDERED this 26th day of March, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

potentially violating 28 U.S.C. § 1927 and Federal Rule 11.